IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| LAMBRECHT FARMS, LLC, a Nebraska Limited Liability Company,<br><br>        Plaintiff,<br><br>v.<br><br>NUTRIEN AG SOLUTIONS, INC., a Delaware Corporation,<br><br>        Defendant. | Case No.<br><br><br>**DEFENDANT NUTRIEN AG SOLUTIONS, INC.'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Nutrien Ag Solutions, Inc. ("Nutrien") hereby gives notice of the removal of this action from the District Court of Washington County, Nebraska to the United States District Court for the District of Nebraska. Removal jurisdiction based upon diversity of citizenship, 28 U.S.C. § 1332, is founded on the following.

1.      This case was originally filed on April 4, 2025, in the District Court of Washington County, Nebraska, as civil case number D29CI250000059.

2.      This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

3.      Plaintiff, Lambrecht Farms, LLC ("Plaintiff" or "Lambrecht Farms"), served Nutrien with a Summons and Complaint on April 9, 2025. A true and correct copy of the Original Summons and Complaint is attached hereto as **Exhibit A.**

4.      This Notice of Removal has been filed within 30 days after Nutrien was served with the state court complaint. Removal is therefore timely under 28 U.S.C. § 1446(b)(1). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (30-day period begins from date of service of process).

1

## JURISDICTION

5.     This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court by Nutrien pursuant to 28 U.S.C. § 1441(a) because the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

**A.     Complete Diversity of Citizenship Exists**

6.     Complete diversity of citizenship exists because Lambrecht Farms is a citizen of the State of Nebraska, and Nutrien is not a citizen of the State of Nebraska.

7.     Lambrecht Farms alleges in the Complaint that it is a Limited Liability Company with its principal place of business in Washington County, Nebraska. *See* Ex. A (Compl. at ¶ 1).

8.     A limited liability company is a citizen of every state in which members are citizens. *See GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

9.     Upon information and belief, the members of Lambrecht Farms are Donald Lambrecht, Lois Lambrecht, Gary Lambrecht, and Sarah Lambrecht. *See* **Exhibit B**; Ex. A (Compl. at ¶ 11).

10.     An individual's citizenship is based on their domicile, or the state in which they are physically present with the intent to remain. *See Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 839 (8th Cir. 2022).

11.     Public records indicate that Lois Lambrecht is an individual residing at 11554 County Road 40, Bennington, Nebraska 68007-8006, and thus is a citizen of the State of Nebraska for purposes of diversity.

12.     Public records indicate that Gary and Sarah Lambrecht are individuals residing at

4604 County Road P25, Kennard, Nebraska 68034-5064, and thus are citizens of the State of Nebraska for purposes of diversity.

13.    Public records indicate that Donald Lambrecht is deceased.

14.    As each of its members are citizens of the State of Nebraska, Lambrecht Farms also is a citizen of the State of Nebraska for purposes of diversity. *See GMAC Com. Credit LLC*, 357 F.3d at 829.

15.    Nutrien is a corporation having its principal place of business in the state of Colorado and is incorporated under the laws of Delaware. Thus, at present time, and at the time the state court action was filed, Nutrien is and was a citizen of Colorado and Delaware for purposes of diversity. 28 U.S.C. § 1332(c)(l).

16.    Therefore, the parties to this matter are completely diverse.

17.    The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(3).

**B.    Minimum Amount in Controversy Exceeds $75,000**

18.    The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

19.    The fact that the amount in controversy exceeds the minimum requirements for diversity jurisdiction can be determined by the nature of the claims and the type of damages sought in the complaint. *See* 28 U.S.C. § 1446(b)-(c).

20.    This matter arises from crop damage allegedly suffered by Lambrecht Farms on approximately 600 acres of corn and soybeans and harm to its business relationships. Lambrecht Farms alleges that it contracted with Nutrien to provide fertilizer and protective chemical services, and, during the 2024 crop year, it received $95,927.16 worth of agricultural products and services. Ex. A (Compl. at ¶¶ 10, 36). Lambrecht Farms alleges that this included the sale and application

of agricultural products for at least 400 acres of corn and 50 acres of soybeans as well as fertilization of 175 to 200 acres of corn. *Id.* at ¶¶ 12, 16, 33. It alleges that it has withheld payment to Nutrien in the amount of $56,221.72 related to these services. *Id.* at ¶¶ 36, 41.

21.    Lambrecht Farms justifies this non-payment based on alleged "extensive damage to crops" on numerous [] fields sprayed by [Nutrien]." *Id.* at ¶ 46. According to Lambrecht Farms, it is entitled to damages for lost revenue from reduced yields on each of the approximately 600 acres sprayed by Nutrien which allegedly yielded well below historical levels; damage to the soil of the treated fields; and necessary replanting of one of these fields. *Id.* at ¶¶ 43-50, 59-60, 65, 70, 75. It also seeks contractual and warranty damages from Nutrien related to this harm. *Id.* at ¶¶ 80, 86.

22.    In addition to the damages it claims related crop damage and loss during the 2024 growing season, Lambrecht Farms also seeks to recover damages for alleged harm to its professional reputation, goodwill, and business relationships with the owners of its rented fields (approximately two-thirds of all its fields) and alleged harm to its business relationship with its insurer and penalties that have been or will be incurred as a result. *Id.* at ¶¶ 48, 99-100.

23.    Given the extent of the alleged harm claimed by Lambrecht Farms, the only warranted conclusion of fact is that it believes the sum of its damages to be of a magnitude that well exceeds the applicable jurisdictional threshold of $75,000.

24.    In a pre-suit settlement demand, Lambrecht Farms represented that its total loss during the 2024 growing season surpassed $140,000. *See* **Exhibit C** (Decl. of Mike Monke). This included approximately $90,000 in alleged damage to its crop and farming operation and approximately $50,000 for products and services received from Nutrien. Assuming that the amount asserted in the Lambrecht Farm's demand appears to reflect its reasonable belief of value of its

claims, this prelitigation offer of settlement is relevant evidence of the amount in controversy in this matter. While Nutrien disputes Lambrecht Farms's claims and damages prayer, Lambrecht Farms's previous estimates of its losses during the 2024 growing season and allegation that its actual damages due to the lost yield in its corn and soybean crops, as well as the time spent replanting an entire field damaged by the Defendant, far exceed the amount offered by the Defendant," Ex. A, Compl. at ¶ 47, ineluctably establishes an asserted recovery range that is far in excess of the jurisdictional threshold.

## PROCEDURE AND PLEADINGS

25.     Pursuant to 28 U.S.C. § 1446(a), Nutrien attaches to this notice the Complaint and Summons served upon Nutrien in this matter (Ex. A) which constitutes all "process, pleadings, and orders" served to date.

26.     Written notice of the filing of this notice will promptly be given to all other parties, and together with a copy of this notice of removal, will be filed with the District Court of Washington County, Nebraska, as provided by 28 U.S.C. § 1446(d).

27.     The United States District Court for the District of Nebraska encompasses the county in which the state court action is now pending. Venue is therefore proper in this court under 28 U.S.C. §§ 1441(a) and 1446(a).

WHEREFORE, Nutrien removes this action from District Court of Washington County, Nebraska, to the United States District Court for the District of Nebraska and seeks resolution by this Court of all issues raised herein.

DATED: May 8, 2025.                    NUTRIEN AG SOLUTIONS, INC., a
                                       Delaware Corporation, Defendant

                                       s/ *Denise E. Frost*
                                       Denise E. Frost (#18794)
                                       JOHNSON & MOCK PC LLO

9900 Nicholas St., Ste. 225
Omaha, Nebraska 68114
Telephone: (402) 346-8865
E-mail: dfrost@johnsonandmock.com
*Attorney for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify on May 8, 2025, I caused the foregoing document to be served to the following via electronic mail:

Anne-Marie O'Brien
Alexander Dehner
Smith Pauley LLP
3555 Farnam Street, Suite 1000
Omaha, Nebraska 68131
aobrien@smithpauley.com
adehner@smithpauley.com
*Attorneys for Plaintiff*

s/ *Denise E. Frost*
Denise E. Frost (#18794)

# **<u>EXHIBIT A</u>**



## Service of Process Transmittal Summary

**TO:**   Jeffrey Conrad, Counsel
Agrium Inc.
13131 Lake Fraser Drive S.E.
Calgary, AB T2J 7E8

**RE:**   **Process Served in Nebraska**

**FOR:**   Nutrien Ag Solutions, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LAMBRECHT FARMS, LLC, a Nebraska limited liability company vs. NUTRIEN AG SOLUTIONS, INC |
| **CASE #:** | CI2559 |
| **PROCESS SERVED ON:** | C T Corporation System, Lincoln, NE |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 04/09/2025 |
| **JURISDICTION SERVED:** | Nebraska |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Jeffrey Conrad  Jeffrey.conrad@nutrien.com |
| | Email Notification,  Kara Fenton  kara.fenton@nutrien.com |
| | Email Notification,  Rhonda Kambeitz  rhonda.kambeitz@nutrien.com |
| | Email Notification,  AMANDA VANDAGRIFF  amanda.vandagriff@nutrien.com |
| | Email Notification,  Jennifer MacAulay Bryant  jennifer.macaulaybryant@nutrien.com |
| | Email Notification,  Janie Phansiri  janie.phansiri@nutrien.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
5601 South 59th Street
Lincoln, NE 68516
866-401-8252
LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**Smith Pauley, LLP**
Blackstone Plaza
3555 Farnam Street, Suite 1000
Omaha, NE 68131



USPS CERTIFIED MAIL

9214 8901 9403 8308 7840 31



US POSTAGE

quadient
FIRST-CLASS MAIL
IMI
$009.51
04/07/2025 ZIP 68131
043M31263104

Nutrien Ag Solutions, Inc.
c/o CT Corporation Systems,
Registered Agent
5601 South 59th Street
Lincoln, NE 68516

Image ID:
D00029009D29

## SUMMONS

Doc. No.     29009

IN THE DISTRICT COURT OF Washington COUNTY, NEBRASKA
        PO Box 431
        Blair          NE 68008 0431

Lambrecht Farms, LLC v. Nutrien Ag Solutions, Inc.

                               Case ID: CI 25     59

TO:  Nutrien Ag Solutions, Inc.

You have been sued by the following plaintiff(s):

    Lambrecht Farms, LLC

Plaintiff's Attorney:    Alexander O Dehner
Address:             3555 Farnam Street, Suite 1000
                   Omaha, NE 68131

Telephone:          (402) 392-0101

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who
are not attorneys and representing themselves to provide their email address to
the court in order to receive notice by email from the court about the case.
Complete and return the attached form to the court if representing yourself.
This document is not the same as a response to the lawsuit which must be filed
as a separate document.

Date:  APRIL 4, 2025     BY THE COURT: *Susan K. Paulsen*
                                      Clerk

Page 1 of 2

| Image ID:<br>D00029009D29 | SUMMONS | Doc. No.    29009 |

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

>       Nutrien Ag Solutions, Inc.
>       c/o C T Corp. System, Reg. Agent
>       5601 South 59th Street
>       Lincoln, NE 68516

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

## REGISTRATION OF EMAIL ADDRESS FOR
## SELF REPRESENTED LITIGANT

IN THE DISTRICT COURT OF Washington COUNTY, NEBRASKA
                         PO Box 431
                         Blair              NE 68008 0431


Case ID:  D  29  CI  25        59

Lambrecht Farms, LLC v. Nutrien Ag Solutions, Inc.




I am currently representing myself in the court case above.

I am not registered with the court-authorized service provider.

I must register my email address with the court before I have filed any documents in this case, or within 10 days after I received a notice from the court.  This is required by Neb. Ct. R. § 2-208(C)(1).

If I do not have the ability to receive emails, I must use this form to tell the court why I cannot get email service.


☐  My email address where I will receive notices from the court for this case is:

_____

I understand that emailing documents to this email address is considered to meet legal notice requirements.

I am responsible to notify the court if I change my email address or other contact information by completing the Change of Contact Information form (DC 3:02). Neb. Ct. R. §§ 2-208(E).


☐  I do not have the ability to receive emails. The reason I cannot receive email is:

_____
_____
_____



_____          _____
Signature                                  Date

_____          _____
Name                                       Street Address/P.O. Box

_____          _____
Phone                                      City/State/ZIP Code

Filed in Washington District Court
*** EFILED ***
Case Number: D29CI250000059
Transaction ID: 0023071402
Filing Date: 04/04/2025 02:13:00 PM CDT

IN THE DISTRICT COURT OF WASHINGTON COUNTY, NEBRASKA

| | | |
|---|---|---|
| LAMBRECHT FARMS, LLC, a Nebraska limited liability company, | ) ) ) ) | CASE NO. _____ |
| Plaintiff, | ) ) | **COMPLAINT** |
| v. | ) ) | |
| NUTRIEN AG SOLUTIONS, INC, a Delaware corporation, | ) ) ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, Lambrecht Farms, LLC ("Lambrecht"), by and through counsel, and for its causes of action in this Complaint against Defendant, Nutrien Ag Solutions, Inc. ("Defendant"), states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Lambrecht is a Nebraska limited liability company, with its principal place of business in Washington County, Nebraska. Lambrecht is engaged in the business of farming, both on farmland owned by members of Lambrecht and as tenants on farmland owned by other local landowners.

2.     The Defendant is a Delaware corporation, with its principal office in Loveland, Colorado. The Defendant conducts extensive business in the State of Nebraska and maintains a registered agent within the state. It is engaged in the sale and distribution of fertilizer and agricultural chemicals.

3.     This Court has subject-matter jurisdiction over this action pursuant to Neb. Rev. Stat. § 24-302.

4.     This Court has personal jurisdiction over the parties pursuant to Neb. Rev. Stat. § 25-536, because each of them transacts business within the State of Nebraska.

5.      Venue is proper in Washington County pursuant to Neb. Rev. Stat. § 25-403.01 because the Defendant is a resident of Washington County for purposes of venue and the cause of action arose there.

## FACTUAL BACKGROUND

6.      The Defendant manufactures fertilizer and agricultural chemicals for sale to farmers. These materials are designed to protect crops from various environmental hazards and to increase yields.

7.      Within Washington County, the Defendant operates a local branch office in Arlington, Nebraska. At all times relevant to this lawsuit, the Arlington branch has been managed by Mike Monke ("Monke").

8.      Monke was and is, at all times relevant to this Complaint, the agent and employee of the Defendant.

9.      Lambrecht actively farms, on average, more than one thousand acres of land in and around Washington County every year. Approximately two-thirds of these acres are rented by Lambrecht from other landowners. Lambrecht primarily grows corn and soybeans.

10.     For several consecutive years, Lambrecht contracted with the Defendant to provide fertilizer and protective chemical services on certain of the acres Lambrecht farmed.

11.     Gary Lambrecht ("Gary") is a member of Lambrecht and personally participates in Lambrecht's farming operations.

12.     In March 2024, at the beginning of the growing season, Gary and Monke agreed the Defendant would apply 32% nitrogen fertilizer on 175 to 200 acres being farmed by Lambrecht.

13.     That 32% nitrogen fertilizer would ultimately not be applied by the Defendant until after June 21, 2024.

14.     On May 28, 2024, after Gary had finished planting approximately 100 acres in Douglas County, he asked the Defendant if it would agree to spray those acres with fertilizer and herbicides.

2

15.    The Defendant wanted to spray all the acres farmed by Lambrecht.

16.    The parties ultimately agreed that the Defendant would spray approximately 400 total acres of Lambrecht's corn various fields in Washington and Douglas Counties.

17.    Gary sprayed the remaining acres farmed by Lambrecht that season, using a third-party vendor's products.

18.    On May 30, 2024, Gary provided the Defendant with maps for acres it had agreed to spray.

19.    The Defendant failed to spray the acres planted by Gary as of May 28, 2024 until June 7, 2024.

20.    On that date, Gary was notified by a third party that the corn on those belatedly-treated acres appeared distressed.

21.    Gary informed the Defendant of this observation, given the Defendant's delay in application.

22.    Gary completed planting for Lambrecht on June 12, 2024.

23.    On June 21, 2024, Gary inspected a Suverkrubbe, a field sprayed by the Defendant.

24.    Upon inspection, Gary requested Monke meet him at the field to observe the obvious crop damage, which Monke did that day.

25.    Gary separately had Lambrecht's seed district sales manager and its crop insurance agent meet him at Suverkrubbe to inspect the damage.

26.    A population count was conducted at Suverkrubbe, revealing an average of 12,000 plants compared to the 29,000 that Gary had planted.

27.    It was determined after inspection that replanting was the best course of action, though crop insurance could not insure the crops at that stage of the season.

28.     Monke acknowledged the crops suffered a "chemical kill" from the Defendant's application, such that a claim would be turned in to the Defendant.

29.     Monke further stated that the Defendant would guarantee that field's actual production history (APH) if it was a good growing season based on neighboring fields the Defendant had not sprayed.

30.     After Gary's and Monke's inspection of Suverkrubbe on June 21, 2024, the Defendant finally applied fertilizer to and sprayed the acres belonging to Lambrecht to which the Defendant had agreed in March 2024.

31.     The extended and unreasonable delay by the Defendant caused severe distress to Lambrecht's corn crop that was not remedied or mitigated by the Defendant's initial application.

32.     A subsequent application to these acres also failed to remedy or mitigate the damage caused by the Defendant, and rather worsened the damage to the point where the crop was dead in certain fields.

33.     On June 12, 2024, Lambrecht also requested the Defendant spray approximately 50 acres of soybeans that were planted the two days prior by Gary, along with a burndown treatment.

34.     The Defendant failed to spray and apply this treatment until July 10, 2024, resulting in significantly reduced yields for these fields as compared to the soybean fields sprayed by Gary.

35.     When asked by Gary about the delay in this soybean treatment, Monke merely stated that the order had "slipped through the cracks," or words to that effect.

36.     In August 2024, the Defendant sent invoices to Lambrecht totaling $95,927.16, for fertilizer, crop protection, and services provided to date.

37.     The invoices primarily included fertilizer, crop protection, and services charges related to the numerous fields in which crops were damaged following the Defendant's applications.

38.    At Gary's request after receiving the invoices, he and Monke toured all of the fields impacted by the materials and services included in the invoices.

39.    Monke again acknowledged the damage attributable to the Defendant and assured Gary that the Defendant would take care of the damage.

40.    Further, Monke instructed Gary, on behalf of Lambrecht, to not remit payment on more than $50,000.00 of the invoiced charges, specifically identifying which fields' associated charges should not be paid due to the damage.

41.    Consistent with Monke's directions to Gary on which invoices to pay and those on which to withhold payment, Lambrecht paid $39,705.44 to the Defendant in August 2024.

42.    Lambrecht provided photos of the damaged fields to the Defendant and, after harvest, provided the Defendant with the yields for each field sprayed by the Defendant and each field sprayed by Gary, along with each field's respective APH for comparison.

43.    The majority of fields sprayed by the Defendant yielded well below those fields' APH, while the majority of fields sprayed by Gary yielded well above those fields' APH.

44.    In an effort to remedy some of the damage caused by the Defendant and to preserve the crop yield, Lambrecht replanted Suverkrubbe, one of the numerous fields originally treated by the Defendant, expending significant time.

45.    Based on the necessary replanting of Suverkrubbe, the Defendant ultimately offered $12,678.08 to Lambrecht in satisfaction of Lambrecht's overall claim.

46.    The Defendant's offer in the preceding paragraph failed to account for the extensive damage to crops on the numerous other fields sprayed by the Defendant.

47.    Lambrecht's actual damages due to the lost yield in its corn and soybean crops, as well as the time spent replanting an entire field damaged by the Defendant, far exceed the amount offered by the Defendant.

48.    Additionally, as a tenant on approximately two-thirds of the land it farms, Lambrecht's reputation within the local community and in relation to its landlords is of paramount importance.  The damage caused by the Defendant's treatment of several of these fields consequently harmed Lambrecht's goodwill and business relationship with the owners of the fields.

49.    On at least two occasions, Monke verbally stated to Gary that the Defendant generated and maintains a letter or letters acknowledging its liability for the reduced yields on the fields it sprayed.

50.    Such letters are necessary for submission to Lambrecht's crop insurance providers, in order to avoid a penalizing reduction in Lambrecht's 10-year APH for the affected fields.

51.    Lambrecht has requested a copy of the Defendant's liability letter or letters, so that it can coordinate with its crop insurance providers before the insurance providers' policy deadline for the 2025 growing season.

52.    To date, the Defendant has wrongfully withheld such letter or letters from Lambrecht until Lambrecht agrees to the reduced claim settlement amount identified in paragraph 45.

53.    Upon information and belief, all fertilizer and chemicals applied by the Defendant to Lambrecht's acres in 2024 were produced by the Defendant at its own facilities.

## FIRST CLAIM FOR RELIEF – NEGLIGENCE

54.    Lambrecht incorporates the allegations of paragraphs 1 through 53 as if fully restated herein.

55.    The Defendant owed a duty to Lambrecht to not damage Lambrecht's crops.

56. The Defendant breached that duty when it negligently produced harmful fertilizers and/or herbicides for use on fields farmed by Lambrecht.

57. Such harmful fertilizers and/or herbicides were subsequently applied by the Defendant on fields farmed by Lambrecht.

58. As a result of these applications of negligently-produced fertilizers and/or herbicides, Lambrecht was harmed by the loss of substantial crop yields in the affected fields.

59. The reduced crop yields caused by the Defendant's negligent actions have resulted in additional costs of replanting and lost revenue from crop sales for Lambrecht.

60. The harmful fertilizers and/or herbicides used on fields farmed by Lambrecht have damaged the soil on these fields, such that crop yields are vulnerable to continued diminishment in the 2025 growing season.

WHEREFORE, Lambrecht requests the Court enter judgment against the Defendant and an award for damages in an amount to be proven at trial, costs, post-judgment interest, and for such other and further relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF – NEGLIGENCE

61. Lambrecht incorporates the allegations of paragraphs 1 through 60 as if fully restated herein.

62. The Defendant owed a duty to Lambrecht to not damage Lambrecht's crops.

63. The Defendant breached that duty when it negligently applied an overabundance of fertilizers and/or herbicides on certain fields farmed by Lambrecht.

64. Such over-application of fertilizers and/or herbicides harmed Lambrecht by causing or contributing to the loss of substantial crop yields in the affected fields.

7

65. The reduced crop yields caused by the Defendant's negligent actions have resulted in additional costs of replanting and lost revenue from crop sales for Lambrecht.

WHEREFORE, Lambrecht requests the Court enter judgment against the Defendant and an award of damages in an amount to be proven at trial, costs, post- judgment interest, and for such other and further relief as the Court deems just and equitable.

### THIRD CLAIM FOR RELIEF – NEGLIGENCE

66. Lambrecht incorporates the allegations of paragraphs 1 through 65 as if fully restated herein.

67. The Defendant owed a duty to Lambrecht to not damage Lambrecht's crops.

68. The Defendant breached that duty when it negligently and unreasonably delayed in applying fertilizers and/or herbicides to certain fields farmed by Lambrecht after Lambrecht planted crops, despite knowing when the fields were planted and ready to be sprayed.

69. Such delay in application of fertilizers and/or herbicides harmed Lambrecht by causing or contributing to the loss of substantial crop yields in affected fields.

70. The reduced crop yields caused by the Defendant's negligent delay in applying fertilizers and/or herbicides have resulted in additional costs of lost revenue from crop sales for Lambrecht.

WHEREFORE, Lambrecht requests the Court enter judgment against the Defendant and an award of damages in an amount to be proven at trial, costs, post-judgment interest, and for such other and further relief as the Court deems just and equitable.

### FOURTH CLAIM FOR REIEF – RES IPSA LOQUITUR

71. Lambrecht incorporates the allegations of paragraphs 1 through 70 as if fully restated herein.

8

72.    The damage to the fields farmed by Lambrecht and sprayed by the Defendant with the Defendant's fertilizers and/or herbicides was proximately caused by production and application of fertilizers and/or herbicides that were in the exclusive control of the Defendant.

73.    In the normal course of events the damage to the fields farmed by Lambrecht and sprayed by the Defendant with the Defendant's fertilizers and/or herbicides would not have occurred unless the Defendant was negligent.

74.    The Defendant's negligence harmed Lambrecht by causing the loss of substantial crop yields in the affected fields.

75.    The reduced crop yields caused by the Defendant's negligence have resulted in additional costs of replanting and lost revenue from crop sales for Lambrecht.

WHEREFORE, Lambrecht requests the Court enter judgment against the Defendant and an award of damages in an amount to be proven at trial, costs, post-judgment interest, and for such other and further relief as the Court deems just and equitable.

### FIFTH CLAIM FOR RELIEF – BREACH OF CONTRACT

76.    Lambrecht incorporates the allegations of paragraphs 1 through 75 as if fully restated herein.

77.    Lambrecht and the Defendant entered into valid, binding contracts wherein the Defendant promised, with reasonable expediency, to provide fertilizer and herbicides on fields farmed by Lambrecht in exchange for payment.

78.    Without justification and despite knowing when specific fields were planted and ready to be sprayed, the Defendant failed in multiple instances to spray the agreed-upon fields with the purchased fertilizer and herbicides within a reasonably expedient amount of time after Lambrecht planted crops in the fields.

79.    The Defendant's unexcused delays breached the contracts and resulted in irreversible damage to crops in fields for which it had contracted with Lambrecht to provide fertilizer and herbicides.

80.    Such crop damage from the Defendant's breaches resulted in additional costs to Lambrecht from replanting, as well as reduced yields and lost revenue from crop sales for Lambrecht.

WHEREFORE, Lambrecht requests the Court enter judgment against the Defendant and an award of damages in an amount to be proven at trial, costs, pre-and post-judgment interest as permitted by law, and for such other and further relief as the Court deems just and equitable.

## SIXTH CLAIM FOR RELIEF – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

81.    Lambrecht incorporates the allegations of paragraphs 1 through 80 as if fully restated herein.

82.    The Defendant had reason to know of the particular purpose for which the fertilizer and herbicides sold to Lambrecht were required by Lambrecht, to include protecting the crops planted by Lambrecht.

83.    Lambrecht relied on the Defendant's skill or judgment to select or furnish suitable fertilizer and herbicides.

84.    There existed an implied warranty that the fertilizer and herbicides sold by the Defendant to Lambrecht were fit for the particular purpose for which Lambrecht required them.

85.    The Defendant breached the implied warranty of fitness for a particular purpose when it furnished and applied fertilizer and herbicides to fields farmed by Lambrecht that were not fit for purposes of protecting crops.

86.    The breach of the implied warranty of fitness for a particular purpose resulted in additional costs to Lambrecht from replanting, as well as reduced yields and lost revenue from crop sales for Lambrecht.

WHEREFORE, Lambrecht requests the Court enter judgment against the Defendant and an award of damages in an amount to be proven at trial,

costs, pre- and post-judgment interest as permitted by law, and for such other and further relief as the Court deems just and equitable.

## SEVENTH CLAIM FOR RELIEF – TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

87.    Lambrecht incorporates the allegations of paragraphs 1 through 86 as if fully restated herein.

88.    Lambrecht has maintained crop insurance policies with Arlington Insurance Agency for approximately 30 years.

89.    Lambrecht has maintained crop insurance policies with Cardinal Insurance for approximately 5 years.

90.    As part of its crop insurance policies, Lambrecht's APH is calculated over the past ten years to determine the yield amount to which Lambrecht is insured.

91.    One year's negative crop yield has a significant negative impact on the ten-year average APH.

92.    As an insured, negative crop yields that are caused by a third party and not by Lambrecht will not factor into Lambrecht's APH and resulting coverage.

93.    The Defendant has acknowledged on multiple occasions that it has caused negative crop yields to fields farmed by Lambrecht by virtue of damage from its fertilizer and/or herbicide applications.

94.    Consistent with this admission, the Defendant has previously prepared a letter or letters to the effect of stating such liability.

95.    Lambrecht has demanded a copy of said letter or letters for purposes of timely renewing its crop insurance policies for the 2025 growing season with the correct APH.

96.    The Defendant is aware of Lambrecht's need for said letter or letters for its insurance purposes.

97. The Defendant is aware that its refusal to provide said letter or letters will interfere with Lambrecht's business relationship with Arlington Insurance Agency and Cardinal Insurance.

98. Notwithstanding its awareness, the Defendant has interfered with Lambrecht's business relationship with Arlington Insurance Agency and Cardinal Insurance by wrongfully and without justification withholding said letter or letters from Lambrecht.

99. Lambrecht's inability to provide said letter or letters to Arlington Insurance Agency and Cardinal Insurance by March 15, 2025 has caused its insurance coverage for the 2025 growing season to decrease to a lower APH amount than it should be.

100. In the event of a diminished yield in 2025 from the fields farmed by Lambrecht and fertilized and chemically treated by the Defendant in 2024, Lambrecht will be denied a proper amount of compensation as a result of the Defendant's tortious interference with Lambrecht's relationship with its insurance providers.

WHEREFORE, Lambrecht requests the Court enter judgment against the Defendant and an award for damages in an amount to be proven at trial, costs, post-judgment interest, and for such other and further relief as the Court deems just and equitable.

Lambrecht requests a trial by jury.

Dated this 4th day of April, 2025.

LAMBRECHT FARMS, LLC,
Plaintiff,

By: */s/ Alexander Dehner*
Anne-Marie O'Brien (#18271)
Alexander Dehner (#27827)
Smith Pauley LLP
3555 Farnam Street, Suite 1000
Omaha, Nebraska 68131
Tele: (402) 392-0101
aobrien@smithpauley.com
adehner@smithpauley.com
*Attorneys for Plaintiff*

12

# **<u>EXHIBIT B</u>**

NE Sec of State - CORP
1000528713                    Pgs: 3
LAMBRECHT FARMS, LLC
Filed: 01/20/2005 09:44 AM

# ARTICLES OF ORGANIZATION
# OF
# LAMBRECHT FARMS, LLC

The undersigned, desiring to form a limited liability company for the purposes hereinafter set forth, under and in conformity with the laws of the State of Nebraska do hereby make this written certificate in duplicate and hereby verify:

1.    **NAME.**  The name of the company shall be Lambrecht Farms, LLC.

2.    **DURATION.**  The period of duration of the company shall be perpetual.

3.    **PURPOSE.**  This company is organized to engage in and to do any lawful act concerning any and all lawful business, other than banking or insurance, for which a limited liability company may be under the laws of Nebraska.

4.    **PRINCIPAL PLACE OF BUSINESS - REGISTERED AGENT.**  The address of the principal place of business of the company in Nebraska is 11554 County Road 40, Bennington, Nebraska 68007 (Washington County).  The name and address of the company's registered agent in Nebraska is Donald F. Lambrecht, 11554 County Road 40, Bennington, Nebraska 68007 (Washington County).

5.    **PROPERTY CONTRIBUTED.**  The total amount of cash and property other than cash contributed by the organizational members as capital is described on Exhibit "A" attached hereto.  The agreed value of the property, other than cash, contributed to the company is also set forth on Exhibit "A".

6.    **ADDITIONAL CONTRIBUTION.**  No additional contributions have been agreed to be made by any members in the future at any time or on any conditions.

7.    **ADDITIONAL MEMBERS.**  The members of the company have the right to admit additional members from time to time, upon unanimous approval and upon additional terms and conditions of admission as may be determined by the members at the time of admission.  Except as provided in the Operating Agreement, the interests of the members in the company may not be transferred or assigned.

8.    **RIGHT TO CONTINUE BUSINESS.**  In the event of the death, retirement, resignation, expulsion, bankruptcy or dissolution of a member or the occurrence of any other event which terminates the continued membership of a member in the limited liability company, then by unanimous consent the remaining members of the company have the right to continue the business of the company, at their election and option.

9.    **MANAGEMENT.**  Management of the company shall be vested in its members in proportion to their contribution to the capital of the company, as adjusted from time to time, to

2

reflect the additional contributions or withdrawals by the members.  The names and addresses of the members are:

| Members Name | Address |
|---|---|
| Donald F. & Lois M. Lambrecht | 11554 County Road 40, Bennington, NE 68007 |
| Gary & Sarah Lambrecht | 4604 County Road P25, Kennard, NE 68034 |

10.    **INTERNAL AFFAIRS.**  The regulation of the internal affairs of the company are set forth in the Operating Agreement of the company and shall govern the operation of the business and the members accordingly.

**EXECUTED** in duplicate original counterparts by the undersigned on this 25ᵗʰ day of _____, 2004.

_____        _____
**Donald F. Lambrecht**                         **Lois M. Lambrecht**

**STATE OF NEBRASKA**    )
                        ) SS.
**COUNTY OF DODGE**      )

On this 25ᵗʰ day of _____, 2004, before me, a Notary Public, in and for said county and state, personally came **Donald F. Lambrecht and Lois M. Lambrecht, husband and wife,** who are personally known to me to be the identical persons whose names are affixed to the foregoing document and acknowledged the execution thereof to be their voluntary act and deed.

GENERAL NOTARY-State of Nebraska
Bradley D. Holtorf
My Comm. Exp. April 13, 2006

_____
Notary Public

_____        _____
**Gary Lambrecht**                              **Sarah Lambrecht**

**STATE OF NEBRASKA**    )
                        ) SS.
**COUNTY OF DODGE**      )

On this 25ᵗʰ day of _____, 2004, before me, a Notary Public, in and for said county and state, personally came **Gary Lambrecht and Sarah Lambrecht, husband and wife**, who are personally known to me to be the identical persons whose names are affixed to the foregoing document and acknowledged the execution thereof to be their voluntary act and deed.

GENERAL NOTARY-State of Nebraska
Bradley D. Holtorf
My Comm. Exp. April 13, 2006

_____
Notary Public

3

## EXHIBIT 'A'

| | | |
|---|---|---|
| Donald F. & Lois M. Lambrecht | 50% | $5,000.00 |
| Gary & Sarah Lambrecht | 50% | $5,000.00 |

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| LAMBRECHT FARMS, LLC, a Nebraska Limited Liability Company, | Case No. |
| Plaintiff, | **DECLARATION OF MIKE MONKE IN SUPPORT OF DEFENDANT NUTRIEN AG SOLUTIONS, INC.'S NOTICE OF REMOVAL** |
| v. | |
| NUTRIEN AG SOLUTIONS, INC., a Delaware Corporation, | |
| Defendant. | |

I, Mike Monke, submit this declaration in accordance with 28 U.S. Code § 1746:

1.    I am Mike Monke, a designated full-time employee of Nutrien Ag Solutions, Inc., and I make all of the statements herein on the basis of my personal knowledge.

2.    I have managed Nutrien's branch located in Arlington, Nebraska since 2018.

3.    In my capacity as branch manager, I have been directly involved in Nutrien's business relationship with Lambrecht Farms, LLC ("Lambrecht Farms") since 2023. I am fully authorized by Nutrien to make the following representations.

4.    Nutrien is in the business of providing agricultural inputs such as seed, fertilizer, soil supplements, and herbicide, among others, to its customers.

5.    During the 2024 growing season, Lambrecht Farms received $95,927.16 worth of product and services from Nutrien.

6.    To date, Lambrecht Farms has refused to pay for certain products and services received from Nutrien. As reflected in the invoices sent by Nutrien to Lambrecht Farms, the principal value of these unpaid products and services totaled $54,131.99.

7.    In connection with the assertion that it has sustained the crop losses described in its

filed complaint, Lambrecht Farms has demanded that Nutrien write off its remaining debt from the 2024 growing season.

8.    In addition, during a meeting in November of 2024, Lambrecht Farms, through Gary Lambrecht ("Mr. Lambrecht"), claimed to have suffered crop loss and other operational damages during the 2024 growing season in the amount of at least $91,992.51 and it provided a calculation of these alleged damages.

9.    On the basis of its positions, as stated above, Lambrecht Farms has therefore sought damages from Nutrien in an amount exceeding $140,000 for its claims related to the 2024 growing season.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: ___5/6/2025___         _____
                                    Mike Monke